COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Overton


DAVID BRYAN FRANTZ
                                    MEMORANDUM OPINION[*]
v.    Record No. 2074-01-2              PER CURIAM
                                     MARCH 12, 2002
LEONA CAROL PHILLIPS FRANTZ


          FROM THE CIRCUIT COURT OF HALIFAX COUNTY
                 Leslie M. Osborn, Judge

        (William H. Sooy, on brief), for appellant.

        (Nancy L. Quinn; Kanady & Quinn, P.C., on
        brief), for appellee.


     David Bryan Frantz (husband) appeals the trial court's

decision requiring him to transfer certain property to Leona Carol

Phillips Frantz (wife).  Husband contends the trial court erred

in:  (1) ordering the real estate which was the subject of the

Separation and Property Settlement Agreement to be partitioned

rather than sold; and (2) accepting and approving wife's plat

which included another structure.  Upon reviewing the record and

the parties' briefs, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

## Background

The parties were married in October 1995. On September 8, 1997, they executed a property settlement agreement (the agreement). On October 30, 1997, the trial court entered a divorce decree which ratified, affirmed, and incorporated by reference the Agreement. Paragraph 2 in the Agreement contained the following provision:

> REAL PROPERTY: (1) The parties agree to sell the 65 acre tract which is in the Husband's name and the mobile home which is titled in both names. From the proceeds of the sale, the parties agree to pay the debts owed Central Fidelity Bank for the land, Bank of America for the mobile home, VISA account(s), Sears account(s), American Car loan, Gordon's, and any other debts owed by either party arising during this marriage at the time of the execution of this agreement. If all of the real estate is sold and there are any improvements placed on the property by the Wife, the Wife will be reimbursed for said improvements. The Wife will provide the Husband with verification of any such improvements to the property. After paying the above debts, the balance of the net proceeds will be divided as follows: one-third to the Wife and two-thirds to the Husband
>
> OR (2) The husband agrees to transfer all of his right, title and interest in the mobile home and five acres surrounding said home to the Wife. The Wife agrees to assume the indebtedness owed Bank of America for the mobile home. The Husband also agrees to convey to the Wife a right of ingress and egress over and along the property being retained by the Husband to the property being retained by the Wife.
>
> The Wife agrees to transfer all of her right, title and interest in the remaining 60 acres to the Husband. The Husband will assume the balance owed Central Fidelity

-

> Bank for the land.  If the Husband decides
> to sell the 60-acre tract, he will pay off
> the lien at Central Fidelity Bank and the
> net proceeds shall remain the property of
> the Husband free and clear from any claim of
> the Wife.

On March 1, 2000, wife filed a bill of complaint moving the trial court to order husband to "transfer to her the mobile home . . . and the five acres shown on the plat survey" attached to the pleading.  In an ore tenus hearing, wife admitted the "little framed dwelling" on her survey was not listed in the separation agreement, but she explained that the "drain field for [the mobile home's] septic tank is" ten feet behind the structure and argued that eliminating the structure would remove the septic field necessary for the mobile home's septic tank.

Husband objected to wife's right to elect the mobile home and surrounding land and alleged "there appears no meeting of the minds with regard to paragraph two" of the agreement. Husband also alleged that wife "has refused to sell the land after numerous requests."  Finally, husband argued that the five-acre parcel depicted by wife's survey "is not a reasonable parcel" because its location in the "middle of the property" would adversely affect his ability to sell the remaining sixty acres.

After hearing evidence and argument from both parties, the trial court ruled the agreement was valid but that paragraph 2 was ambiguous.  It further found the parties intended that both

-

options would be available.  Because husband "did not undertake to" act on option 1 "for all this period of time," the trial court ruled that the parties "have to go forward with option No. 2."  The court added:

> Now, the 5 acres takes in the well and the septic tank.  It's not on the edge of the property, but I don't know there is any way or there was any evidence before the Court that you could move it to the edge of the property.  It's surrounding the home.  That's the language in the agreement, it says surrounding the home.  It may not be perfect, but I think that's good enough with regard to that.

"[H]aving no alternative presented today before the Court, no other drawing or diagram or anything else," the trial court ordered "that it will be that five acres."

Husband subsequently submitted an alternative five-acre tract, which excluded the frame dwelling and required wife to obtain "an easement for use and maintenance of a well and septic field."  After hearing additional evidence, the trial court noted that husband's earlier appraisal showed the frame structure had "no value" and that the tax assessment for the structure was not based on fair market value.  Moreover, it held, absent a well and septic tank, the structure has no value "even under the tax appraiser's theory."  The trial court finally made the following ruling:

> Well, we've got something that has no value.  It doesn't seem like it makes a whole lot of sense to start cutting off the

-

well and part of the septic system and then
have to give easements to put them back.

If this dwelling had significant value,
it would be a different situation. But I
think your own evidence and this other
appraisal indicates that it doesn't.

And based on that evidence, based on
that evidence and the fact that I don't
think there's any evidence to change the
previous ruling of the Court with regard to
it.

## Partitioning the Five-Acre Tract

Husband claims the trial court erred in accepting option 2,

partitioning five acres for wife, rather than option 1, allowing

for the sale of the entire parcel. Before addressing that claim,

we must first review the law regarding property settlement

agreements.

"Property settlement agreements are contracts subject to

the same rules of formation, validity, and interpretation as

other contracts." Bergman v. Bergman, 25 Va. App. 204, 211, 487

S.E.2d 264, 267 (1997). The question of whether a writing is

ambiguous is a matter of law, not of fact. Langman v. Alumni

Ass'n of the Univ. of Va., 247 Va. 491, 498, 442 S.E.2d 669, 674

(1994). "Thus, we are not bound by the trial court's conclusions

on this issue, and we are permitted the same opportunity as the

trial court to consider the contract provisions." Tuomala v.

Regent Univ., 252 Va. 368, 374, 477 S.E.2d 501, 505 (1996).

"'An ambiguity exists when language admits of being

understood in more than one way,'" Doswell Ltd. P'ship v. Va.

Elec. & Power Co., 251 Va. 215, 222, 468 S.E.2d 84, 88 (1996)

-

(quoting Renner Plumbing, Heating & Air Conditioning, Inc. v. Renner, 225 Va. 508, 515, 303 S.E.2d 894, 898 (1983)), or when "'language is of doubtful import,'" Galloway Corp. v. S.B. Ballard Constr. Co., 250 Va. 493, 502, 464 S.E.2d 349, 355 (1995) (quoting Allen v. Green, 229 Va. 588, 592, 331 S.E.2d 472, 475 (1985)). When the language of a contract is ambiguous, parol evidence is admissible, not to contradict or vary contract terms, but to establish the real contract between the parties. Reed v. Dent, 194 Va. 156, 163, 72 S.E.2d 255, 259 (1952).

Paragraph 2 of the Agreement provided two alternatives regarding the sixty-five acre parcel of land. However, it failed to prioritize either option; set forth which party, if either, had authority to elect an option; or set any events, timetables or contingencies that would trigger one option and/or foreclose the other. The options, as written, were connected with the conjunction "or" which is defined as "[a] disjunctive particle used to express an alternative or to give a choice of one among two or more things." Black's Law Dictionary 1095 (6th ed. 1990). Absent any direction as to which of the two alternatives took priority and who had authority to elect an alternative, the trial court did not err in finding the paragraph ambiguous and considering parol evidence regarding the parties' intent.

We now look to whether the trial court erred in finding that option 2 applied, thereby resolving the ambiguity in wife's favor.

-

In doing so, "[w]e review the evidence in the light most favorable to [wife], the prevailing party at trial." Tuomala, 252 Va. at 374, 477 S.E.2d at 505. The construction of an ambiguous contract is a matter submitted to the trier of fact, who must examine the extrinsic evidence to determine the intention of the parties. Cascades North Venture Ltd. P'ship v. PRC Inc., 249 Va. 574, 579, 457 S.E.2d 370, 373 (1995). When a trial court hears evidence ore tenus, its findings based on an evaluation of the testimony are entitled to the same weight as a jury's verdict. RF&P Corp. v. Little, 247 Va. 309, 319, 440 S.E.2d 908, 915 (1994). When a sharp divergence exists in the parol evidence submitted by opposing parties, the conflict is for the fact finder to resolve. See Vega v. Chattan Assocs., 246 Va. 196, 435 S.E.2d 142 (1993). Thus, the trial court's decision will be upheld unless it appears from the evidence that the judgment is plainly wrong or unsupported by the evidence. Tuomala, 252 Va. at 375, 477 S.E.2d at 505-06.

Husband first testified that he wanted the right to sell everything. Later, he testified that he thought about planting pine trees on the property, letting them grow for twenty to thirty years and harvesting the mature trees. However, he indicated that if wife obtained the five-acre tract, he would be unable to do that. He offered no explanation as to why the second option was included. Moreover, he provided no evidence that he ever attempted to sell the entire parcel. Other

-

evidence showed that wife had been making tax and bank payments for the mobile home for years. In fact, in a 1998 letter advising wife of her share of the tax burden, husband wrote, "You [are] responsible for anything & everything associated with the house and surrounding five acres. My part is the remaining 60 acres."

After hearing evidence from both parties and reviewing the language of the paragraph, the trial court determined that the option now belonged to wife. We cannot say that decision was plainly wrong or unsupported by the evidence. Husband had over two years to exercise option 1 and sell the property, but he failed to do so or put forth any evidence of actual efforts made to try to sell it. Moreover, he put forth two objectives with regard to the land. He said he wanted to sell all of the property, but he also indicated an interest in growing timber on it for twenty to thirty years. If husband intended to use the land for growing timber, he would not sell it; therefore, including the two options in the Agreement would have been meaningless. The trial court accepted the wife's testimony, including her explanation of the parties' intentions, and it rejected husband's contrary explanations. The evidence supports the trial court's decision.

<u>Accepting Wife's Survey/Plat</u>

Husband contends the trial court further erred in awarding wife the five acres containing the additional structure per wife's

-

plat/survey rather than awarding her the five-acre tract in his proposed plat that excluded the structure.

Wife has lived in the mobile home continuously for several years, making payments for taxes, insurance and the bank note. She testified that the contested structure was in disrepair and had no value. She presented photographs for the trial court to view its present condition. Husband retained Wayne Stevens, a licensed real estate appraiser, who visited the parcel and appraised it as of December 2000, two months before the first evidentiary hearing, and found it worthless. Later, husband presented evidence from Harold Throckmorton, Deputy Commissioner of Revenue and town tax assessor, indicating the structure was assessed in 1998 with a nominal value of $2,500 for tax purposes. Throckmorton conceded that absent a structure and an established septic system and well, the property had little or no value.

The trial court accepted Stevens' recent appraisal of the contested structure assessing no value to the structure and rejected Throckmorton's older tax appraisal indicating a value for tax purposes. That conflict between husband's experts was a matter for the fact finder to resolve. Opanowich v. Commonwealth, 196 Va. 342, 354, 83 S.E.2d 432, 440 (1954). Moreover, the trial court was further permitted to consider the fact that husband's proposed plat was drawn so as to eliminate the well and the septic system's drain field, thereby requiring wife to obtain an easement from husband to use them.

Based on the evidence and arguments presented, we cannot say the trial court committed reversible error in relying on Stevens' appraisal that the structure had minimal value, if any, and in accepting wife's plat.

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

Affirmed.

-